# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

RAGE RENEE BROUSSARD II                CASE NO.  6:20-CV-00896

VERSUS                                 JUDGE ROBERT R.
                                       SUMMERHAYS

WALMART INC ET AL                      MAGISTRATE JUDGE CAROL B.
                                       WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Re-urged Motion to Remand. (Rec. Doc. 21).

Defendants, Murphy Oil USA, Inc. and Wal-Mart[1] opposed the Motion (Rec. Doc.

24 and 25), and Plaintiff replied (Rec. Doc. 28; 29). The Motion was referred to the

undersigned magistrate judge for review, report, and recommendation in accordance

with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

Considering the evidence, the law, and the arguments of the parties, and for the

reasons explained below, the Court recommends that Plaintiff's Motion be denied.

## Factual Background

Plaintiff filed suit in state court in July 2019 following a motorcycle accident

in which he allegedly struck a pothole in a driveway near the parking lots of Walmart

and Murphy Oil on Ambassador Caffery Parkway in Lafayette. Plaintiff sued Wal-

---

[1]      "Wal-Mart" consists of Walmart Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart
Louisiana, LLC.

Mart, Murphy Oil, and Lafayette City-Parish Consolidated Government ("LCG"). Plaintiff alleged Wal-Mart owned or had custody or control of the driveway at the time of the incident. Plaintiff alleged, in the alternative, that Murphy Oil and/or LCG owned or had custody or control of the driveway. (Rec. Doc. 1-4). Wal-Mart was served with the original suit on August 7, 2019. (Rec. Doc. 1-3). Plaintiff later amended the suit to assert property damage claims. (Rec. Doc. 1-5).

Wal-Mart removed the case on July 17, 2020, with Murphy Oil's consent. (Rec. Doc. 1). Wal-Mart and Murphy Oil's removal was based upon LCG's June 25, 2020 responses to request for admission denying that it (LCG) owned, leased, maintained, constructed, and/or had control of the driveway. (Rec. Doc. 1, ¶6, referencing Rec. Doc. 1-8). Because LCG denied owning or exercising any control over the subject property, Wal-Mart and Murphy Oil contended that LCG was a nominal or improperly joined defendant, such that diversity jurisdiction existed. (Rec. Doc. 1, ¶7).

In response to Wal-Mart and Murphy Oil's removal, Plaintiff filed a Motion to Remand on the grounds that the removal was untimely, because Defendants did not remove the case within thirty days of service of process of the original petition. Plaintiff argued that LCG's admission responses did not constitute "other paper" under 28 U.S.C. §1446(b)(3). This Court disagreed, holding that Defendants' deadline for removal could be triggered by a co-defendant's discovery response.

(See the Court's discussion of the improper joinder doctrine as an exception to the voluntary-involuntary rule at Rec. Doc. 17, p. 5-8). Nevertheless, the Court agreed that the parties should conduct discovery to determine whether Plaintiff could assert any viable claims against LCG. (Rec. Doc. 17, p. 9-11). If discovery were to reveal Plaintiff could not prove LCG's liability, then application of the improper joinder doctrine would justify Wal-Mart and Murphy Oil's removal. On the other hand, if discovery supported any possible claims against LCG, remand would be warranted, because LCG is a non-diverse defendant.

Discovery has now been done. It is undisputed that Wal-Mart owns the property where the accident occurred. (Rec. Doc. 21-5). LCG testified through its corporate representative, Chad Nepveaux, Public Works Director, in January 2021 that after conducting an inspection of the scene, LCG determined that the driveway in question was a private road over which it had no responsibility and that the pothole was not located in its right of way. (Rec. Doc. 21-2, p. 32-33; Rec. Doc. 21-3, p. 1).

Following completion of the pertinent discovery, Plaintiff filed the instant Re-Urged Motion to Remand. Plaintiff again argues Defendants' removal was untimely, because Wal-Mart had actual knowledge that it owned the subject property at the time suit was filed, such that Wal-Mart's thirty-day period for removal was triggered by service of process. Defendants' oppositions emphasize Plaintiff's purported admission that LCG was improperly joined at the outset.

3

## Law and Analysis

The Court has already considered the timeliness of Wal-Mart's removal and hereby adopts the applicable law set forth in its previous ruling at Rec. Doc. 17. The Court summarily reiterates here that 28 U.S.C. §1446(b)(1) requires removal within thirty days of receipt of an initial pleading indicating a case is removable. §1446(b)(3) requires removal within thirty days of receipt of "other paper" indicating that the case has become removable. Plaintiff argued in his original Motion to Remand, as he does here, that Defendants should have removed the suit within thirty days of service of process under §1446(b)(1). The Court previously found that LCG's admission responses were sufficient "other paper" to trigger removal under §1446(b)(3). See analysis and discussion in Rec. Doc. 17.

Plaintiff now argues that there were no "changed circumstances" between the time of the initial complaint and LCG's admission responses (i.e. the "other paper"). Plaintiff relies on the Fifth Circuit's instruction that "'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 762 (5th Cir. 2000).

As the Court previously held, improper joinder is an exception to the voluntary-involuntary rule, which *Addo* discussed. The Court is unaware of any

jurisprudence dismissing the notion that discovery of an improper joinder could be a change in circumstances sufficient to trigger removal. The notion is logical.

The Court previously found, and continues to hold, that the extent of LCG's liability was not immediately known at the time Plaintiff initially filed suit. The record reflects that all parties had legitimate questions about LCG's liability for the subject area during the suit's infancy. Plaintiff filed suit against LCG "in the alternative" for its ownership and/or custody or control of the area, indicating that Plaintiff was unsure of the identity of the responsible entity(ies). (Rec. Doc. 1-4, ¶VI). Likewise, Wal-Mart maintained that, although it owned the property, "it had no definite or specific knowledge as to whether LCG periodically would inspect the private roadway, and/or do any maintenance." (Rec. Doc. 10, p. 6). Most telling is the fact that LCG did not definitively deny a right or obligation for the area until Mr. Nepveaux personally visited the scene to confirm the location of the pothole and whether LCG had any responsibility over the area. (Rec. Doc. 21-2, p. 31-33; Rec. Doc. 21-3, p. 1-3). Mr. Nepveaux had visited the scene in approximately June 2019 to January 2020, presumably at around the time or just after suit was filed.  (Compare Rec. Doc. 1-4 and Rec. Doc. 21-2, p. 30-31). The parties did not learn that LCG denied all responsibility for the area until LCG's admission responses in June 2020, or any further details until they deposed Mr. Nepveaux in January 2021. (Rec. Doc. 1-8; 21-2). Hence, discovery and confirmation of LCG's absolute lack of liability

5

constituted "changed circumstances." This fact manifested at the earliest with LCG's admission responses. Thus, Defendants' removal within thirty days of this date was not untimely.

Relying on LCG's testimony, Plaintiff now acknowledges that LCG is an improperly joined defendant. In the question of timing, the parties' knowledge that LCG was an improper defendant is the applicable trigger. Therefore, the Court finds that LCG could not be determinatively classified as an improperly joined defendant until at least LCG's admission responses, if not with LCG's later deposition. Wal-Mart timely removed within thirty days of learning, through LCG's admission responses, that LCG denied ownership and control of the property, as further detailed in LCG's later corporate deposition.

Plaintiff further argues that Wal-Mart knew, based on the public record and its own sale documents, that LCG did not own or maintain the driveway. Thus, Plaintiff contends, commencement of the suit triggered Wal-Mart's removal delays under §1446(b)(1). Plaintiff's position raises the question of whether a party can be held accountable for knowledge of information contained in the public record, an issue which the jurisprudence has not specifically addressed in this removal context. The Court need not resolve the question, because the result is the same regardless of the answer.

If knowledge of facts contained in the public record can be imposed on Wal-Mart, then so can such facts be imposed on Plaintiff at the moment of filing suit. Thus, accepting Plaintiff's position, the knowledge that LCG had no responsibility vis-à-vis the driveway was imputed to Plaintiff at the moment of filing suit. This begs the question of improper or fraudulent joinder. Despite Plaintiff's admission against himself, the propriety of LCG's joinder could not be ascertained until after discovery, since, as Mr. Nepveaux testified, the parties were unclear as to whether the pothole in question was located in a LCG right of way. The location of the pothole and its proximity to LCG's right of way could not be gleaned from the public record.

If, on the other hand, plaintiffs are not held to the knowledge of public records at the time of filing, then removing defendants should not be saddled with the knowledge of public records at the time of responding to an initial suit. Under that analysis, after discovery has revealed what the public records knew all along, Plaintiff can be forgiven for what later turns out to be an improper joinder, and Defendants' post-service removal can be reconciled with §1446(b)(3).

Regardless of whether a filing party should be found accountable for information in the public record in the removal context, the Court finds that Defendants prevail. The parties did not learn that LCG could not be liable until after suit was filed when LCG inspected the pothole and confirmed it was not located

7

within its right of way. This fact manifested for the other parties at the earliest with

LCG's admission responses and at the latest with LCG's corporate deposition.

Defendants' removal within thirty days of receipt of LCG's admission was timely.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiff's Re-

Urged Motion to Remand (Rec. Doc. 21) be DENIED and that Plaintiff's claims

against LCG be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of

Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the

time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 31st day of March, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE