**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RAGE RENEE BROUSSARD II** | **CASE NO. 6:20-CV-00896** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WALMART INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM RULING**

Presently before the Court is the Motion for Summary Judgment on Behalf of Murphy Oil USA, Inc. [ECF No. 30]. Plaintiff Rage Renee Broussard II and defendant Walmart Inc. oppose the motion.

**I.**
**BACKGROUND**

On August 21, 2018, Plaintiff was riding a motorcycle when he turned from a private roadway owned and controlled by Walmart Louisiana LLC ("Walmart") into the entrance of a gas station owned and operated by Murphy Oil USA, Inc. ("Murphy").[1] A portion of the asphalt on the roadway abutting the entrance to Murphy's gas station had eroded, creating a crevice that allegedly caused Plaintiff to lose control of his motorcycle and fall.[2] Plaintiff commenced this action in state court against Walmart, Murphy and the Lafayette City Parish Consolidated Government ("LCG"). Walmart removed the matter to federal court based on diversity jurisdiction. LCG was subsequently dismissed from the case. Murphy filed the present motion for

---

[1] Petition for Damages, ECF No. 1, ¶ II.
[2] *Id.*

summary judgment arguing that it owed no duty to Plaintiff for an accident that resulted from a hazard on Walmart's property.

## II.
### LAW AND ANALYSIS

**A.**     **Summary Judgment Standard.**

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[4] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[5]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[6] "Credibility determinations are not part of the summary judgment analysis."[7] Rule 56 "mandates the entry of

---

[3] *Id.*
[4] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[5] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[6] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[7] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[8]

### B. Duty of Care.

Plaintiff's claim against Murphy is grounded on negligence. Under Louisiana law, a negligence claim requires proof that: (1) the defendant owed the plaintiff a duty to conform its conduct to a specific standard of care; (2) the defendant breached that standard of care; (3) this breach was a legal cause of the plaintiff's injuries; and (4) the plaintiff sustained actual damages.[9] Murphy argues that Plaintiff's negligence claim fails as a matter of law because Murphy owed no duty of care to Plaintiff. Murphy argues that it owed no duty to Plaintiff because the road condition that caused Plaintiff's accident and injuries—the eroded asphalt and crevice—was located on the roadway owned and exclusively controlled by Walmart. Murphy contends that there are no genuine questions of material fact as to Walmart's ownership and control and that, therefore, Murphy is entitled to summary judgment.[10] The Court disagrees.

The summary judgment record shows that the roadway where the asphalt eroded was constructed and owned by Walmart.[11] But this damaged section of Walmart's roadway was contiguous to the entrance to Murphy's gas station.[12] To enter Murphy's property, customers had

---

[8] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[9] *Bufkin v. Felipe's Louisiana, LLC*, 171 So.3d 851 (La. 10/15/14).
[10] Murphy also argues that Plaintiff admitted during his deposition that Murphy owed him no duty. It is unclear whether the deposition testimony cited by Murphy is actually an admission as far as the duty element of a Louisiana negligence claim. Regardless, "duty" is a legal term of art and testimony about the "duty" element of a negligence claim by a non-lawyer is an impermissible legal conclusion that cannot support summary judgment.
[11] *See* ECF No. 30, Statement of Uncontested Material Facts, ¶ 8.
[12] *See* photo, ECF No. 30, p. 2.

to travel the roadway owned by Walmart and then turn from that roadway to enter one of Murphy's entrances.[13] Plaintiff's accident occurred at the entryway closest to the public roadway.[14]

Murphy argues that it owed no duty of care to Plaintiff because it did not own or control the damaged section of roadway. In this regard, Murphy cites *Thumfart v. Lombard*[15] and *Hammond v. Plaquemines Parish*.[16] In *Hammond,* the court held that a landowner is usually not liable for injuries that occur from defects on adjacent property unless the landowner's actions caused or contributed to the defect.[17] The *Thumfart* court similarly described the duty of an adjacent property owner:

> The Supreme Court, this Court, as well as other Circuit Courts, have held on several occasions that an abutting property owner is not liable for injuries caused by defects located on adjoining sidewalks or streets unless the ***property owner did something to help create the defect.***[18]

Murphy's duty argument thus ignores an important caveat—recognized in the cases it cites—that an adjacent property owner could be liable for injuries caused by a dangerous condition on adjoining property if that property holder created or contributed to the dangerous condition.

Here, Walmart and Plaintiff point to summary judgment evidence suggesting that Murphy's operation of the gas station may have contributed to the crevice on Walmart's roadway. Specifically, they point to the Affidavit of Michael S. Gillen, which states in part:

> The deteriorated section is more probable than not the result of daily wear and tear from vehicles and daily deliveries from fuel trucks carrying 10-15,000 gallons of fuel [onto Murphy's property].[19]

---

[13] *See* Affidavit of Michael S. Gillen, Exhibit A to ECF No. 55.
[14] *Id*.
[15] 613 So.2d 286 (La. App. 4 Cir. 1993).
[16] 982 So.2d 204 (La. App. 4 Cir. 2008).
[17] *Id*. at 208.
[18] 613 So.2d at 291 (emphasis added).
[19] Affidavit of Michael S. Gillen, Exhibit A to ECF No. 55.

They further point to the deposition testimony of Murphy's district manager Ben Quick, who admitted that Murphy employee vehicles, Murphy customer vehicles, and Murphy fuel trucks carrying up to 15,000 gallons of fuel traversed the damaged portion of Walmart's roadway on a regular basis.[20] This evidence is sufficient to create a genuine question of material fact as to whether Murphy caused or contributed to the damage on Walmart's roadway that resulted in Plaintiff's accident. Accordingly, the Motion for Summary Judgment on Behalf of Murphy Oil USA, Inc. [ECF No. 30] is DENIED.

      THUS DONE in Chambers on this 30th day of March, 2022.

 

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[20] Exhibit B to ECF No. 54.