UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RAGE RENEE BROUSSARD II** | **CASE NO. 6:20-CV-00896** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WALMART INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING AND ORDER

On September 21, 2022, the Court held a pretrial conference and announced rulings on various pending motions in limine. One of the motions addressed was the Motion in Limine to Exclude Testimony from Corporal Michael Starling Regarding Rage Broussard's Alleged Negligence, Fault, or the Cause of the Subject Accident [ECF No. 84] filed by Plaintiff. Corporal Starling was the police officer who investigated Plaintiff's accident. Both Murphy Oil USA, Inc. ("Murphy") and Walmart listed Corporal Starling as a fact and expert witness. Plaintiff seeks to exclude any opinions from Corporal Starling as an expert witness. The Walmart defendants have entered into an agreement to settle their claims, so the sole remaining defendant is Murphy.

During the pretrial conference, the Court initially ruled that Corporal Starling would be excluded as an expert witness as his expert testimony would be duplicative of another expert witness and, therefore, would pose a danger of "needlessly presenting cumulative evidence."[1] Murphy then indicated on the record that it may call Corporal Starling in lieu of the other designated expert witness on motorcycle safety and accident reconstruction. Plaintiff countered that Walmart (and, accordingly, Murphy) failed to comply with the disclosure requirements of

---

[1] Fed. R. Civ. P. 403.

1

Rule 26 of the Federal Rules of Civil Procedure with respect to Corporal Starling. Given Murphy's intent to cure the Rule 403 objection by eliminating an expert, Plaintiff's Rule 26 objections are ripe.

In the instant case, Murphy offers Corporal Starling as a Rule 26(a)(2)(C) non-retained expert. As such, he would not be required to submit a formal report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). However, even under Rule 26(a)(2)(C)'s less onerous requirements for non-retained experts, the proponent must disclose (a) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (b) a summary of the facts and opinions to which the witness is expected to testify. Corporal Sterling's expert disclosures in the record state: "Investigating police officer regarding plaintiff's accident. He will testify about his interviews with witnesses, his accident report, diagrams, findings and will give an opinion on Rage Broussard's handling of the motorcycle."[2] The Court finds that this disclosure is inadequate to provide a summary of Corporal Starling's opinions or the facts upon which he is basing his opinions. Nor does Corporal Starling's Traffic Crash Report cure the disclosure deficiency.[3] The Traffic Crash Report does not describe Corporal Starling's opinions—nor does it identify the facts that support his opinions—regarding Plaintiff's operation of the motorcycle. Accordingly, the Court finds that the defendants did not provide adequate disclosures regarding Corporal Starling as an expert witness.

If a party fails to comply with the disclosure mandates of Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."[4] The advisory committee notes describe this as "a self-

---

[2] *See* ECF No. 84, Exhibits A and D.
[3] ECF No. 84, Exhibit F (Traffic Crash Report).
[4] Fed. R. Civ. P. 37(c)(1) (authorizing additional or alternative sanctions "on motion").

2

executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion" for sanctions.[5] The United States Court of Appeals for the Fifth Circuit has identified four factors to guide the Court's discretion when determining whether to exclude experts for failure to comply with Rule 26(a): "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[6] "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."[7]

In the instance case, neither Walmart nor Murphy has offered any explanation as to the failure to comply with Rule 26(a). Further, the parties advised the Court that Corporal Starling was never deposed. As to the importance of his testimony, as noted above, Murphy has identified another expert witness who will testify on the same subject matter as Corporal Starling. Weighing these factors together, the Court finds that Murphy has not met its burden of showing that its failure to comply with Rule 26(a) is substantially justified or is harmless. As such, Corporal Starling may not testify as an expert. He may, however, testify as a fact witness given his personal knowledge as the investigating police officer as long as his testimony remains within the confines of governing Fifth Circuit precedent on the testimony of investigating officers.[8]

---

[5] Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment.
[6] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).
[7] *Farris v. Jefferson*, 2021 WL 950894, *2 n.12 (quoting *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282, *2 (W.D. Tex. Sept. 18, 2001)); *see also Merchant*, 993 F.3d at 741.
[8] *See, e.g., Smith v. Progressive Cnty. Mut. Ins. Co.*, No. 11-cv-872, 2012 WL 702061, at *2 (E.D. La. Mar. 1, 2012) ("Courts routinely hold that a law enforcement officer not otherwise qualified as an expert may not offer lay opinion testimony regarding accident causation.") (citing *Duhon v. Marceaux*, 33 F. App'x 703, 2002 WL 432383 at *4 (5th Cir.2002)).

For the reasons stated above, the Motion in Limine to Exclude Testimony from Corporal Michael Starling Regarding Rage Broussard's Alleged Negligence, Fault, or the Cause of the Subject Accident [ECF No. 84] filed by Plaintiff is GRANTED.

THUS DONE in Chambers on this 22nd day of September, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE